IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: B:22-po-90050-GEB-1 |
| ) | |
| ) | |
| DAVID P. HILLS ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**<u>ORDER DENYING DEFENDANT MOTION TO DISMISS COUNT 2</u>**

Before the Court is Defendant's Motion to Dismiss Count 2 as Unconstitutionally Overbroad and Vague (Doc. 23).  This motion was filed pretrial.  The Court took the motion under advisement at trial to allow the United States to file a response, which was filed after trial.  The Court permitted the Defendant to file a reply to the United States response, but the Defendant advised the Court he did not intend to do so.  In his motion, Defendant argues that the Kansas Disorderly Conduct statute, K.S.A. 21-6203(a)(3) is unconstitutionally overbroad and vague, both facially and as applied to the Defendant.

The following facts are based on testimony at trial and are therefore only relevant to the "as applied" portion of Defendant's argument.  The Defendant was living with his girlfriend on the Fort Riley Army post along his girlfriend's daughter and the daughter's husband, Jonathan Manning, who was an active-duty soldier.  The family had concerns about the Defendant's drinking and described other incidents where he had caused them concern.  On May 20, 2022, the Defendant and his girlfriend returned home with the Defendant passed out, or sleeping, in the car.  Mr. Manning reacted to finding liquor in the vehicle by pouring it out.  When the Defendant awoke and entered the home, Mrs. Manning and her mother attempted to discourage the Defendant from leaving the home and driving out to obtain more alcohol.  Mr. Manning was summoned from the home's second floor by his wife, and upon descending the stairs was met by a red-faced yelling and aggressive Defendant.  The Defendant told Mr. Manning he would "fuck" him up, and that there was nothing the Military Police could do about it.  The Defendant said, "his brother, a Marine," had taught him to fight.  The Defendant "took a swing" at Mr. Manning but did not make contact.

The Defendant was charged under the Assimilated Crimes statute, 18 U.S.C. Section 13, assimilating the Kansas statute prohibiting Disorderly Conduct, K.S.A. 21-6203(a)(3).  That statute in relevant part provides:

1

> Disorderly Conduct. (a) Disorderly conduct is one or more of the following acts that the person knows or should know will alarm, anger or disturb others or provoke an assault or other breach of the peace: . . . (3) using fighting words or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others. . . . (c) As used in this section, "fighting words" means words that by their very utterance inflict injury or tend to incite the listener to an immediate breach of the peace."

This statute is a 2010 revision of K.S.A. 21-4101(c) which defined disorderly conduct as "with knowledge or probable cause to believe that such acts will alarm, anger or disturb others or provoke an assault or other breach of peace: . . . (c) Using offensive, obscene, or abusive language or engaging in noisy conduct tending reasonably to alarm, anger or resentment in others."

Defendant challenges the current statute as unconstitutionally vague and overbroad. In ***State v. Huffman***, 228 Kan. 186 (1980), the Kansas Supreme Court reviewed an identical challenge to the older statute. The Court recognized the problem with that statute, but "rehabilitated" the statute by limiting the application of the challenged portion to fighting words. *See also **United States v. McKinney***, 9 Fed. App'x. 887 (10th Cir. 2001)(stating that K.S.A. 21-4101(c) applies only to fighting words).

The amendment of K.S.A. 21-4110(c) which resulted in the current statute did not substantially change the language or meaning of the statue. There is no clear intent to overrule the saving interpretation by the Kansas Supreme Court in ***Huffman***. *See generally **DeVargas v. Mason & Hanger-Silas Mason***, 911 F.2d 1377, 1388 (10th Cir. 1990) (providing that a passage of an amendment to law does not revive earlier congressional intent following Supreme Court interpretation.) Therefore, this Court finds that subsection (c) of the current statue is also limited to fighting words by that opinion and is, thus not unconstitutionally overbroad or vague.

The Defendant's challenge to the law "as applied" was made before trial testimony which indicated clearly that the Defendant engaged in fighting words. Therefore the "as applied" challenge also fails.

Defendant's motion is **DENIED**.

/s Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE